# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AIRE SERV LLC, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) ) CIV. NO.: 1:12-cv-07045 |
| ALFREDO FIGUEROA, individually; LILIANA FIGUEROA, individually; F.I.G. MECHANICAL LLC; and AIR GUYS HEATING AND AIR CONDITIONING LLC, | ) ) ) ) ) ) Honorable Gary Feinerman |
|     Defendants. | ) ) |

## FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

Plaintiff Aire Serv LLC ("Aire Serv") and Defendants Alfredo Figueroa, Liliana Figueroa, F.I.G. Mechanical LLC, and Air Guys Heating and Air Conditioning LLC (collectively, "Defendants") have reached an agreement in settlement of the above-captioned dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    Aire Serv is a Texas limited liability company that has a principal place of business located at 1020 N. University Parks Drive, Waco, Texas 76707.

2.      Aire Serv is the franchisor of a nationwide system of more than 175 licensed franchises in the United States, and through this extensive and wide-ranging network of authorized franchisees, Aire Serv provides HVAC installation, maintenance and repair services, and replacements for cooling and heating systems, in residential and light commercial markets. Aire Serv operates these businesses under the service mark and trade name "AIRE SERV," and these businesses operate pursuant to individual franchise agreements and in accordance with a business system and format using service marks, trade dress, and business methods proprietary to Aire Serv.  Aire Serv, itself or through its predecessor-in-interest and their authorized licensees, has used the AIRE SERV® mark in interstate commerce, alone or in conjunction with distinctive design elements, continuously since at least as early as 1992 in connection with HVAC installation, maintenance, and repair services.

3.      Aire Serv is the owner of, <u>inter alia</u>: (a) U.S. Service Mark Registration Nos. 1,818,574; 1,890,475; and 2,763,655 covering the service mark AIRE SERV (in block letters); (b) U.S. Service Mark Registration No. 1,927,783 for the mark AIRE SERV & Design, as depicted here: ; (c) U.S. Service Mark Registration No. 2,763,656, for a design mark featuring the image of a snowflake inside a sun, as depicted here: ; and (d) U.S. Service Mark Registration No. 3,578,721, for the mark AIRE SERV HEATING & AIR CONDITIONING & Design featured on a service van; and all of the foregoing marks are registered for use in connection with "installation, maintenance, and repair of residential and commercial heating and air-conditioning equipment" or related goods and services.  Aire Serv's U.S. Service Mark Registration Nos. 1,818,574; 1,890,475; 1,927,783; 2,763,655 and 2,763,656

have become incontestable pursuant to 15 U.S.C. § 1065 because the marks shown therein have been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the United States Patent and Trademark Office. (The foregoing federally-registered service marks, and the common law equivalents of such service marks, are hereinafter referred to collectively as the "AIRE SERV® Marks")

4. As a result of the extensive use and promotion of the AIRE SERV® Marks in interstate commerce by Aire Serv and its franchisees, Aire Serv owns and enjoys valuable goodwill that is symbolized by the AIRE SERV® Marks. The purchasing public has come to associate the AIRE SERV® Marks as identifying the services created, distributed, authorized, or licensed exclusively by Aire Serv and its AIRE SERV franchisees. The AIRE SERV® Marks are distinctive and have achieved significant recognition among the public and the trade in this District and across the country. Moreover, the telephone numbers associated with individual AIRE SERV franchises are advertised and promoted extensively, serve as a key method of contact for consumers, and, because they have been advertised together with the AIRE SERV® name and Marks, have become important identifying characteristics of the AIRE SERV system and are inextricably intertwined with the AIRE SERV® Marks.

5. Alfredo Figueroa ("Figueroa") is an individual residing at 13153 Brooklands Lane, Plainfield, Illinois 60585.

6. Liliana Figueroa ("Mrs. Figueroa") is an individual also residing at 13153 Brooklands Lane, Plainfield, Illinois 60585.

7. F.I.G. Mechanical LLC ("F.I.G. Mechanical") is an Illinois limited liability company, with its principal place of business at 13153 Brooklands Lane, Plainfield, Illinois 60585.

8. Air Guys Heating and Air Conditioning LLC ("Air Guys") is an Illinois limited liability company, with its principal place of business at 13400 S. Route 59, Suite 116, Plainfield, Illinois 60585.

9. Figueroa was party to a Franchise Agreement with Aire Serv dated December 11, 2009 (via Aire Serv's predecessor-in-interest, Aire Serv Heating & Air Conditioning, Inc.). Subsequently, F.I.G. Mechanical became party to that Franchise Agreement via assignment by its Guarantors and Operating Principals, Figueroa and Mrs. Figueroa, on March 31, 2010. (The December 11, 2009 Franchise Agreement and the March 31, 2010 Assignment of Franchise Agreement are collectively referred to herein as the "Franchise Agreement").

10. The Franchise Agreement identified the territory in which Figueroa and F.I.G. Mechanical were authorized to operate an AIRE SERV franchise as comprising the following zip codes in Will County in the State of Illinois: 60544, 69585, and 60586 (collectively, the "Territory").

11. In Section 6.1 of the Franchise Agreement, the signatories explicitly acknowledged Aire Serv's exclusive right to the AIRE SERV Marks and confirmed that the Franchise Agreement granted the franchisee only "a revocable privilege and license to display and use the Marks during the term of and pursuant to the conditions contained in this Agreement." Section 6.3 of the Franchise Agreement provided that Figueroa and F.I.G.

4

Mechanical could not use the AIRE SERV Marks "or association therewith for the benefit of any business other than the Franchised Business."

12. Section 9.3.1 of the Franchise Agreement obligated Figueroa and F.I.G. Mechanical, "during the term of this Agreement," to refrain from "engag[ing] in or participat[ing] in or deriv[ing] any benefit from a Competitive Business without [Aire Serv's] prior written consent." The term "Competitive Business" is defined as a business "which offers or sells any product or service or component thereof which composes a part of [Aire Serv's Franchise] System or which competes directly or indirectly with the Franchise or [Aire Serv's Franchise] System."

13. Section 9.3.2 of the Franchise Agreement further obligated those Defendants, "for a period of two (2) years immediately following . . . termination or non-renewal of this Agreement for any reason whatsoever," to refrain from "engag[ing] in or participat[ing] in or deriv[ing] any benefit from a Competitive Business . . . in the territory without [Aire Serv's] prior written consent."

14. Pursuant to Section 12.1 of the Franchise Agreement, in the event their AIRE SERV franchise expired or was terminated, Figueroa and F.I.G. Mechanical were required and obligated, inter alia, (1) to cease using the AIRE SERV Marks, or any confusingly similar designations; (2) to cease and desist from using all telephone numbers listed in the Yellow Pages or white pages of the telephone directory or in any web-based or other directory under any of the AIRE SERV Marks or any other name confusingly similar to them, and upon demand of [Aire Serv], shall direct the telephone company servicing the Franchise to transfer any such telephone numbers registered to Franchisee in connection with the Franchise to [Aire Serv] or its designee;

5

(3) to transfer the AIRE SERV franchise and customers lists to Aire Serv; (4) to promptly pay all sums and debts owing to all third-party creditors or to Aire Serv; (5) to return to Aire Serv all materials furnished by Aire Serv or related to the operation of that AIRE SERV franchise; and (6) to "refrain from doing anything, whether specified or not, that would directly or indirectly indicate that [Figueroa] was a former franchisee of [Aire Serv]."

15. Under Sections 13.2 & 14.11 of the Franchise Agreement, the signatories agreed that the Franchise Agreement shall be governed by Texas (or Illinois) law and that, if a dispute occurs or an action in law or equity arises between it and Aire Serv concerning the Franchise Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees, court costs and expenses.

16. In view of the importance of the telephone numbers used by Figueroa and F.I.G. Mechanical in connection with the AIRE SERV franchised business, they entered into a Telephone Number and Internet Assignment (the "TNA") with Aire Serv (which was executed on December 10, 2009). Under the TNA, those Defendants "irrevocably assign[ed] to [Aire Serv] … [a]ll telephone listings and numbers used by [them] in any printed or internet telephone directory in connection with the operation of the Franchise in the Territory, … whether now-existing or adopted by [them] in the future." In connection with that assignment, Figueroa and F.I.G. Mechanical agreed that, "[u]pon expiration or termination of the [Franchise] Agreement for any reason," the right of use of any such listings shall terminate and they would take any action necessary "to transfer the Listings and numbers to [Aire Serv] or its designated agent" or to take other actions regarding those numbers and listings at Aire Serv's request.

US2008 3994405 3

17.     On December 11, 2009, the same day as her husband entered into the Franchise Agreement, Mrs. Figueroa was signatory to a Confidentiality Agreement that became appended as Exhibit 7 to the Franchise Agreement. Under that Confidentiality Agreement, Mrs. Figueroa acknowledged that, although not holding a direct ownership interest in her husband's AIRE SERV franchise or actively involved in the operation of that Franchise, she would be exposed to and learn proprietary procedures and techniques of the AIRE SERV Franchise System. By executing the Confidentiality Agreement, she agreed not to disclose any such confidential information, and further agreed that she would: (a) "not divert or attempt to divert any business or customer of the Franchise or any competitor, by direct inducement or otherwise, or do or perform any other act injurious to the goodwill associated with the Marks and the System" or (b) "during the term of the Franchise Agreement and for a period of two (2) years" after termination, that she would not "directly or indirectly, through or on behalf of, or in conjunction with, any other person . . . or legal entity, own, maintain, operate, or engage or participate in, or have any financial interest … in any corporation, partnership or legal entity which engages in any business which is the same or similar to the Franchise, or is otherwise in competition with the business of Franchisor."

18.     Figueroa and F.I.G. Mechanical were AIRE SERV franchisees from December 11, 2009 through May 16, 2012. The Franchise Agreement was terminated as of May 16, 2012.

19.     On September 4, 2012, Aire Serv commenced the above-captioned action (the "Civil Action") by filing a Complaint (the "Complaint") against Defendants. The Complaint alleges claims for service mark infringement and unfair competition, and false designation of

7

US2008 3994405 3

origin, in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*; and for breach of contract, unfair competition, injury to business reputation, unjust enrichment, tortious interference with an advantageous business relationship or expectancy in violation of the laws of the State of Illinois and the common law.

20. This Court has subject matter jurisdiction over the federal claims alleged in the Complaint pursuant to Lanham Act § 39, 15 U.S.C. §1121, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a). As to the related state law and common law claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

21. This Court has personal jurisdiction over Defendants because Defendants reside in and/or conduct substantial business activities in the State of Illinois, and, pursuant to Ill. Comp. Stat. Ann. Chap. 735, Act 5, § 2-209 (735 ILCS § 5/2-209), because Defendants have committed tortious acts within the State of Illinois.

22. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in and/or do business in this judicial district, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### **PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Defendants shall cease providing to any consumer (residential or commercial) any service or product involving HVAC installation, maintenance or repair, directly or indirectly

8

engaging in such an HVAC installation, maintenance or repair business, or otherwise benefitting financially from the operation of an HVAC installation, maintenance or repair business in the Territory for a period of two (2) years from the date of entry of this Consent Judgment.

2. Not later than the date of entry of this Consent Judgment, Defendants shall surrender to Aire Serv or its designee control of the AIRE SERV Telephone Numbers, without encumbrance. Defendants shall promptly provide, upon the request of Aire Serv, any documentation or written or verbal consent necessary to effectuate the surrender or transfer of the AIRE SERV Telephone Numbers to Aire Serv or its designee. Defendants shall warrant that at the time of transfer of these telephone numbers, they shall have fully paid any obligation to any third party for the rights to the telephone numbers.

3. Defendants and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants and each of them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

    a. using directly or indirectly, the AIRE SERV® Marks, or any confusingly similar imitations thereof, and/or the AIRE SERV Telephone Numbers, in connection with Defendants' businesses or services; and

    b. using directly or indirectly, any trademark, service mark, name, logo, design, source designation, or identifying characteristic of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, designs, source designations, or identifying characteristics of Aire Serv or of the AIRE SERV®

system, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' business or services are the business or services of Aire Serv, or are sponsored, licensed, endorsed, approved by, affiliated with, or in any way related to Aire Serv, or that Aire Serv has either changed its name to "Air Guys" or is no longer in business.

4. Defendants agree to work diligently and cooperate in good faith with Aire Serv and any of its designees to eliminate any published or electronic telephone or Internet listings including, without limitation, those identified in the Exhibits to the Complaint in the Civil Action that include either the AIRE SERV® Marks (or any phrase, element or logo confusingly similar thereto) or the AIRE SERV Telephone Numbers. By way of example and not limitation, Defendants shall promptly provide, upon the request of Aire Serv, a written statement consenting to the removal of any such electronic telephone or Internet listing, including those that may come to Aire Serv's attention after the entry of this Consent Judgment.

5. Defendants shall comply fully with all of their post-termination obligations under the Franchise Agreement. Such compliance shall include not only those obligations addressed above in Paragraphs 1-4, but shall also include without limitation: (a) returning all written materials provided to Defendants by Aire Serv; (b) formally transferring the AIRE SERV franchise and customer lists to Aire Serv and (c) ceasing use of any and all e-mail addresses, domain names and comparable electronic identities that incorporate any of the AIRE SERV® Marks or any colorable imitations thereof.

US2008 3994405 3

6. With respect to Aire Serv's claims for monetary damages, judgment is hereby **ENTERED** in favor of Aire Serv and against Defendants in the amount of thirty thousand dollars ($30,000.00), together with post-judgment interest therein as allowed by law.

7. Within sixty (60) calendar days after the entry of this Consent Judgment, Defendants shall submit to this Court an affidavit or declaration certifying Defendants' compliance with Paragraphs 1-5 of this Consent Judgment.

8. Aire Serv and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Aire Serv and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

9. This Consent Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers and distributors and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors organized with respect to the affairs of any party.

10. Except as to Defendants' obligations set forth in this Consent Judgment, each party's claims against the other that were raised or could have been raised in this Civil Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all right to appeal from this Consent Judgment.

11. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Aire Serv

for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

DATED this ____ day of January ____, 2013.

_____
Honorable Gary Feinerman
United States District Judge

US2008 3994405 3

**CONSENTED AND AGREED TO:**

| **COUNSEL FOR PLAINTIFF:** | **COUNSEL FOR DEFENDANTS:** |
|---|---|
| | */s/ John J. Conway* |
| Gregory J. Ellis, Esq. | John J. Conway, Esq. |
| Gregory J. Ellis, Esq. Ltd. | SULLIVAN HINCKS & CONWAY |
| Illinois Bar No. 3127073 | Illinois Bar No. 6217597 |
| E-mail: GregEllisEsq@Gmail.com | E-mail: johnconway@shlawfirm.com |
| 18 Executive Court | 120 West 22nd Street |
| South Barrington, IL 60010 | Suite 100 |
| Telephone: 847-842-0999 | Oak Brook, IL 60523 |
| Facsimile: 847-842-0998 | Telephone: (630) 573-5021 |
| | Facsimile: (630) 573-5130 |

and

OF COUNSEL:
Christopher P. Bussert
James H. Sullivan
KILPATRICK TOWNSEND &
STOCKTON LLP
E-mail:
cbussert@kilpatricktownsend.com,
jaysullivan@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

13

CONSENTED AND AGREED TO:

THE PARTIES:

PLAINTIFF:

AIRE SERV LLC

By: _____
Title: President
Date: 2/4/13

DEFENDANTS:

ALFREDO FIGUEROA, an individual

_____
Date: 1/27/13

LILIANA FIGUEROA, an individual

_____
Date: 1-27-13

F.I.G. MECHANICAL LLC

By: _____
Title: Owner
Date: 1/27/13

AIR GUYS HEATING AND AIR CONDITIONING LLC

By: _____
Title: Owner
Date: 1/27/13